IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-cv-21761-KMM

PRISUA ENGINEERING CORP.,

    Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,
SAMSUNG ELECTRONICS LATINOAMERICA
MIAMI, INC.,

    Defendants.
    _____/

## ORDER TO SHOW CAUSE

THIS CAUSE came before the Court upon Defendants Samsung Electronics America, Inc., Samsung Electronics Co., Ltd., and Samsung Electronics Latinoamerica Miami, Inc.'s (collectively, "Samsung") filing of a Notice of Activity in Related Case (ECF No. 364). Therein, Samsung informs the Court that, in light of recent Supreme Court jurisprudence, the Patent Trial and Appeal Board ("PTAB") issued an order modifying its prior institution decision to now institute a review of all of the challenged claims and all of the grounds presented in the petition. *See* PTAB Order dated May 3, 2018 (ECF No. 364-3). The Court ordered the Parties to show cause as to why the action should not be stayed pending the PTAB's decision. Order to Show Cause (ECF No. 365).

Plaintiff Prisua Engineering Corp. ("Prisua") and Samsung have vigorously litigated the instant matter in which Prisua alleges that Samsung infringed upon U.S. Patent No. 8,650,591 ("the '591 Patent"). During the course of this litigation, Samsung moved to stay the matter pending the PTAB's decision to institute *inter partes* review ("IPR"). Motion to Stay (ECF No.

62).  The Court denied the motion without prejudice and permitted Samsung to file a renewed motion to stay if the PTAB decided to institute IPR.  (ECF No. 81).  The PTAB decided to institute IPR and Samsung filed a Renewed Motion to Stay Pending the Final Resolution of *Inter Partes* Review (ECF No. 139).  In its petition to the PTAB, Samsung requested IPR of Claims 1–4, 8, and 11 of the '591 Patent but the PTAB instituted IPR of Claim 11 only—a claim which is not asserted in the matter before this Court.  (ECF No. 139-1).  The PTAB denied institution of IPR on Claims 1–4, and 8.  *Id.*  Accordingly, the Court denied the renewed motion "[b]ecause PTAB declined to institute IPR on the claims before this Court[.]"  (ECF No. 229).

This matter proceeded to trial.  A jury returned a verdict in Prisua's favor, finding that the asserted claims of the '591 Patent are not invalid and that Samsung willfully infringed the asserted claims.  Jury Verdict (ECF No. 325).  Following the jury's verdict, Prisua filed a Motion for Award of Prejudgment Interest (ECF No. 332) and a Motion for Enhanced Damages (ECF No. 334).  Samsung filed a Motion for Judgment as a Matter of Law or, in the alternative, for New Trial (ECF Nos. 345, 357).

Following the jury trial but prior to entry of final judgment, the Supreme Court issued two relevant opinions.  In *Oil States Energy Services, LLC, v. Greene's Energy Group, LLC, et al.*, the Supreme Court held that *inter partes* review does not violate Article III or the Seventh Amendment.  138 S. Ct. 1365 (2018).  And, of particular import here, in *SAS Institute Inc. v. Iancu*, the Supreme Court held that the PTAB must address every claim a petitioner has challenged.  138 S. Ct. 1348 (2018).  Because the PTAB did not previously address every claim challenged by Samsung—specifically, the claims at issue in this litigation—the PTAB modified its institution decision "to include review of all challenged claims and all ground presented in the Petition."  (ECF No. 364-3).

The Parties filed their respective responses to the Order to Show Cause (ECF Nos. 366, 367). On May 29, 2018, the PTAB confirmed that it will address the validity of all challenged claims in its final decision, including Claims 1–4 and 8. *See* Defendant's Response (ECF No. 366) at 3.

Accordingly, UPON CONSIDERATION of the Notice, the Parties' Responses to the Order to Show Cause, the pertinent portions of the record, and being otherwise fully advised in the premises, the matter is hereby STAYED. The Clerk of Court is instructed to ADMINISTRATIVELY CLOSE the matter. All pending motions are DENIED WITHOUT PREJUDICE. The Parties are instructed to notify the Court of the PTAB's decision within five (5) days of such decision and the Court shall re-open the matter.

DONE AND ORDERED in Chambers at Miami, Florida, this 12th day of June, 2018.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE