UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| PRISUA ENGINEERING CORP.,<br><br>       Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG ELECTRONICS LATINOAMERICA MIAMI, INC.<br><br>       Defendants. | Civil Action No. 1-16-CV-21761 |

## SAMSUNG'S MOTION TO CONTINUE THE STAY AND MEMORANDUM OF LAW IN SUPPORT

Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Electronics Latinoamerica Miami, Inc. (collectively, "Defendants" or "Samsung") respectfully ask the Court to keep the June 12, 2018, stay in place pending exhaustion of appellate rights from the PTAB's Final Written Decision. Contrary to the impression given by Prisua's notice of the PTAB's Final Written Decision, the PTAB's decision was favorable to Samsung and will have preclusive effect against Prisua in this case, once appellate rights from it have been exhausted. Thus, keeping the stay in place will conserve valuable judicial resources and not prejudice the parties.

**I.    THE PTAB'S FINAL DECISION FAVORS SAMSUNG[1]**

On October 2, 2018, the PTAB issued its Final Written Decision in the *inter partes* review ("IPR") of claims 1–4, 8, and 11 of the '591 Patent.  That same day, Prisua notified this court that "the PTAB's decision held as follows: 'Petitioner has not shown by a preponderance of the evidence that claims 1–4 and 8 are unpatentable.'"  (ECF No. 371).  Prisua's notice, however, is notable for what it fails to tell the Court regarding the findings of the PTAB.  In fact, the PTAB's decision is favorable to Samsung and vindicates positions Samsung has been advocating about the claims of the Prisua patent from that outset—namely, those claims are all invalid.

Samsung submits that the PTAB's decision makes clear that all of the claims in the IPR are invalid.  As to claim 11, the PTAB found that claim invalid (unpatentable) as obvious under 35 U.S.C. § 103(a).  It then went on to order cancellation of that claim.

Moreover, the PTAB also found that claims 1, 3, 4 and 8 (the claims asserted in this litigation and at issue in the IPR[2]) are indefinite.  *See* Final Decision at 17.  Specifically, the PTAB found that the limitations of claims 1–4 and 8 "are analogous to the limitation at issue in *IPXL* [*Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005)]" found invalid as indefinite for "recit[ing] both a system and a method for using that system, [therefore] it does not apprise a person of ordinary skill in the art of its scope." *Id.*  Because the claims are indefinite, the PTAB could not "ascertain[] the proper claim scope," and was therefore prevented

---

[1] The facts and procedural history relating to the IPR (Case No. IPR2017-01188) are set forth in Samsung's Motion to Stay Pending *Inter Partes* Review ("Motion to Stay") (ECF No. 62), its Renewed Motion to Stay Pending the Final Resolution of *Inter Partes* Review ("Renewed Motion to Stay") (ECF No. 139), and the Response to the Order to Show Cause (ECF No. 366), and are incorporated herein.

[2] Claim 2 was also at issue in the IPR.

from conducting the "necessary factual inquiry for determining unpatentability of claim 1." *Id.* at 22.  The PTAB did not order the cancellation of claims 1–4 and 8 in the Final Decision, likely because the panel did not believe it had statutory authority to cancel indefinite claims given that IPRs are, in the main, limited to issues of validity under sections 102 and 103.  *See* 35 U.S.C. § 311.  Samsung believes that the PTAB does, in fact, have the authority to cancel indefinite claims in an IPR under situations such as this one, and intends to appeal to the Federal Circuit on this basis.

## II.     THE PTAB'S DECISION WILL HAVE PRECLUSIVE EFFECT AGAINST PRISUA IN THIS CASE

The PTAB's findings of invalidity as to claim 11 on the basis of obviousness and as to claims 1–4 and 8 as to indefiniteness will have preclusive effect against Prisua in this case, once all appellate rights from the IPR are exhausted.  *See XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282, 1294 (Fed. Cir. 2018) ("[W]e find that an affirmance of an invalidity finding, whether from a district court or the Board, has a collateral estoppel effect on all pending or co-pending actions.").  Indeed, at this point in the proceedings, the PTAB's invalidity findings are at the very least persuasive authority until any appeals are decided.  *See, e.g.*, *Cayenne Medical, Inc. v. Medshape, Inc.*, No. 14-cv-0451-HRH, 2016 WL 2606983, at *3 (D. Ariz. May 6, 2016) (ruling that "[a]lthough the PTAB's finding on indefiniteness is not binding on this court, . . . . The PTAB's finding is compelling evidence that the term [in question] is indefinite.").

As for the PTAB's invalidity finding and cancellation of claim 11, Prisua's notice to the Court fails to acknowledge that its collateral impact is *not* limited to claim 11.  Rather, the Federal Circuit has held that a finding of invalidity as to one claim will have preclusive effect on any other claim that is not materially different.  *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013).  Samsung submits that the differences between claim 11 and the

claims at issue in this case are such that once appellate rights are exhausted collateral estoppel will compel the finding that those claims are invalid too.

As to the PTAB's indefiniteness findings regarding claims 1–4 and 8, if such findings stand after an appeal to the Federal Circuit, such findings would have direct collateral estoppel impact on those claims which are asserted in this case. *See XY, LLC*, 890 F.3d at 1294.

Consequently, if the PTAB's decision stands after appeal rights have exhausted, Samsung will seek immediate relief in this Court requesting that the jury verdict be reversed on the basis that (1) Prisua is estopped from arguing that claims 1, 3, 4, and 8 are not directed toward two different statutory classes, which, accordingly, renders those claims invalid as indefinite; (2) Prisua is estopped from arguing that claims 1, 3, 4 and 8 are valid because they are not materially different from claim 11; and/or (3) Prisua is estopped from arguing that claims 1, 3, 4 and 8 are valid because they have been adjudicated as invalid for indefiniteness.[3]  Samsung also expects to ask the Federal Circuit to order the PTAB to cancel claims 1–4 and 8 given its findings of indefiniteness, which would provide still a further basis of collateral estoppel.  Consequently, there can be little debate that the decision on appeal will simplify, alter, or even moot issues currently pending before this Court.[4]  Therefore, to conserve judicial resources, we request the stay be maintained until IPR appeal rights have been exhausted.

---

[3] Any appeal of the Final Decision must occur within 63 days of issuance; i.e., December 4, 2018.

[4] Currently pending before this Court are Prisua's Motion for Award of Prejudgment Interest (ECF No. 332) and Motion for Enhanced Damages (ECF No. 334), as well as Samsung's Motion for Judgment as a Matter of Law or, in the alternative, for New Trial (ECF Nos. 345, 357).

### III. CONTINUING THE STAY PENDING EXHAUSTION OF APPEALS WILL NOT CAUSE PREJUDICE

As discussed in Samsung's Response to this Court's Order to Show Cause (ECF No. 366), Prisua "faces no material prejudice from a limited stay of the case." *See Roblor Mktg. Grp., Inc. v. GPS Indus., Inc.*, 633 F. Supp. 2d 1341, 1347 (S.D. Fla. 2008); *see also Rothschild Storage*, 2015 WL 12715618, at *5 ("[Plaintiff] will not be prejudiced unduly by a stay because [plaintiff] does not conduct business or compete with [defendant]."). Prisua does not market any products covered by the claims of the '591 Patent and does not compete with Samsung. *See Roblor*, 633 F. Supp. 2d at 1347 (finding that patent holding company would not be unduly prejudiced by a stay because it could recover its monetary damages, including prejudgment interest). Although Prisua has argued that a stay will impact its attempts to license the patent, such licensing is now highly unlikely and particularly inappropriate given that the PTAB has found in a Final Written Decision the limitations of claims 1–4 and 8 indefinite and claim 11 invalid as obvious.

Moreover, deferring the conclusion of this litigation would not cause undue prejudice and is not grounds to deny a stay here. "That a stay will delay the progress of litigation 'is not a dispositive issue as it is common to all stayed cases.'" *Roblor*, 633 F. Supp. 2d at 1347 (quoting *Stryker Trauma S.A. v. Synthes (USA)*, No. 01-3879, 2008 WL 877848, at *2 (D.N.J. Mar. 26, 2008)). Further, "the resulting delay in proceedings serves the interests of correctness and finality, by assuring that any decision by the PTO can be taken into account by [the] court prior to further proceedings even though it necessarily results in deferral of the final outcome of this case." *Id.* at 1347 (internal quotations omitted). As a non-competitor, and in view of the accumulating interest, continuing the stay creates no undue prejudice.

### IV. CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(3)

Pursuant to S.D. Fla. L.R. 7.1(a)(3), counsel for Samsung certify that they conferred with Plaintiff's counsel via telephone on October 12, 2018 in a good faith effort to resolve the issues raised herein. Plaintiff stated that it intends to oppose this motion.

### V. CONCLUSION

For the foregoing reasons, Samsung respectfully requests that this Court continue to stay the pending litigation.

Dated: October 12, 2018

Respectfully Submitted,

/s/ David A. Coulson
David A. Coulson (Florida Bar No. 176222)
GREENBERG TRAURIG, LLP
333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
Telephone: (305) 579-0754
Facsimile: (305) 579-0717
Email: coulsond@gtlaw.com

Richard A. Edlin (admitted *pro hac vice*)
Jennifer A. Surprenant (admitted *pro hac vice*)
GREENBERG TRAURIG, LLP
200 Park Avenue, Suite 3900
New York, NY
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: edlinr@gtlaw.com
          surpenantj@gtlaw.com

*Attorneys for Defendants Samsung Electronics Co., Ltd., Samsung America, Inc., and Samsung Electronics Latinoamerica Miami*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 12, 2018 a true and correct copy of the foregoing **SAMSUNG'S MOTION TO CONTINUE THE STAY AND MEMORANDUM OF LAW IN SUPPORT** was served on all counsel of record who are deemed to have consented to electronic service in this action via the Court's CM/ECF system.

                                            */s/ David A. Coulson*
                                            David A. Coulson